UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LADAYTHIAN LEVINE                          DOCKET NO. 6:24-CV-00800
                                                           SECTION P

VERSUS                                            JUDGE ROBERT R. SUMMERHAYS

UNKNOWN DEFENDANTS                    MAGISTRATE JUDGE WHITEHURST

<u>REPORT AND RECOMMENDATION</u>

Ladaythian Levine (Levine), proceeding pro se and *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, in which he asks this Court to compensate him for the destruction of his personal property by unknown prison officials.  Doc. 4.  Levine is currently in the custody of the Louisiana Department of Corrections (LDOC), incarcerated at the Lafayette Parish Correctional Center (LPCC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, it is recommended that motion be **DENIED**.

### I.      Background

Plaintiff asserts that on July 15, 2023, his legal mail, discovery, personal belongings, including commissary, radio, clothes, earphones and food was taken away from him and not returned.  Doc. 4, p. 3.  It appears he is seeking monetary compensation.  *See* doc. 4, p. 4.

### II.     Law & Analysis

#### A.      Frivolity Review

Levine has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.    Claims

There is no legal basis to a prison inmate's claim that his due process rights were violated when officials lost or destroyed his property. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The deprivation of property by a state employee, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517 (1984), is not actionable under §1983 when an adequate state law remedy exists. *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988). Louisiana law provides such a remedy. *See* LSA-C.C. Art. 2315.  Accordingly, his claim is without merit.

### III.    Conclusion

For the reasons stated above, Levine cannot obtain the relief sought.  Accordingly, **IT IS RECOMMENDED** that this civil rights case be **DISMISSED WITH PREJUDICE** as frivolous**.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**